**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARIO LOREN GORDON, | ) | NO. ED CV 09-2004-SVW(E) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | |
| TERESER A. BANKS, et al., | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     For the reasons discussed below, the Complaint is dismissed with
leave to amend.  See 28 U.S.C. § 1915(e)(2)(B).

                              **BACKGROUND**

     On October 28, 2009, Plaintiff, a federal prisoner, filed a civil
rights Complaint pursuant to 42 U.S.C. section 1983 against prison
officials at Plaintiff's place of incarceration, the Federal
Correctional Institution Victorville at Adelanto, California ("FCI
Victorville").  Defendants are: (1) Warden Tereser A. Banks;
(2) Captain Tellez; (3) Special Housing Unit Lieutenant J. Grimsley;

1  and (4) Senior Officers D. Walker and M. Caston.  Plaintiff sues all
2  Defendants in their individual and official capacities.

3

4      Plaintiff alleges that, at approximately 11:25 a.m. on
5  October 11, 2009, in the Special Housing Unit ("SHU"), Defendant
6  Caston "put an unknown white pill" in Plaintiff's food, thereby
7  allegedly committing "attempted murder" (Complaint, p. 4).  The pill
8  allegedly made Plaintiff ill and caused Plaintiff to require medical
9  attention (id.).

10

11      Plaintiff allegedly informed Defendant Tellez about "the serious
12  crime of criminal misconduct by staff members," but Tellez allegedly
13  stated that he was not going to intervene because it was not necessary
14  (id., attachment to p. 5, p. 2).  Defendant Grimsley allegedly failed
15  to intervene, and allowed his staff to "continue to commit [sic]
16  criminal misconduct under his supervision" (id., attachment to p. 5,
17  p. 3).  Defendant Walker allegedly told Plaintiff that he and his co-
18  worker were going to "come up with a better plan to poison
19  [Plaintiff]" (id., attachment to p. 5, p. 4).  Plaintiff allegedly
20  submitted several written complaints to Warden Banks, who assertedly
21  refused to investigate the complaints in a proper manner (id.,
22  attachment to p. 5, p. 1).

23

24      Assertedly as a result of ingesting the pill, Plaintiff allegedly
25  suffered a weakening of his immune system, alteration in his sense of
26  taste, and an adverse effect on his "cognitive thinking and emotional
27  stability," which assertedly causes Plaintiff to suffer paranoia and
28  depression (id.).  These problems allegedly have led Plaintiff to

interact with family and loved ones "in foreign ways" and to experience thoughts of suicide and hopelessness (id.).  Plaintiff alleges violations of the Eighth Amendment and the Equal Protection Clause (Complaint, p. 5).

Plaintiff alleges that Warden Banks is liable because the Warden oversees "an administration that failed to perform its duties" (Complaint, p. 3).  Warden Banks allegedly permitted unlawful conditions to exist, engaged in conspiracy, refused to allow a proper investigation, and acted as an "accessory" (id., p. 5 & attachment to p. 5, p. 1).  Defendant Tellez allegedly "neglect[ed] his duty that caused a breach of safety" (id., p. 3).  Tellez allegedly engaged in conspiracy and breached a contract and duty to Plaintiff by failing to intervene and prevent "a serious crime of criminal misconduct by staff members" (Complaint, attachment to p. 5, p. 2).  Defendant Grimsley allegedly permitted civil and human rights violations to occur under his supervision (id.).  Defendant Walker allegedly conspired to commit "a serious crime of criminal misconduct" (id., p. 4).

Plaintiff seeks damages in the total sum of twenty million dollars ($20,000,000), and an injunction: (1) restraining prison officials from subjecting Plaintiff to retaliation "as a means of vengence [sic]"; (2) requiring an outside investigation; (3) requiring that Defendants be put on leave of absence without pay until the conclusion of an investigation; and (4) placing any transfers of Plaintiff on hold until the conclusion of an investigation (Complaint, attachment to p. 6).  Plaintiff indicates "that an in camera meeting could possibly bring resolution to each complaint, on an

administrative level, which could perhaps, lead to negotiable

compinsation [sic] outside of court" (<u>id.</u>).

**DISCUSSION**

Although the Complaint purports to allege claims pursuant to 42

U.S.C. section 1983, section 1983 provides no remedy for the actions

of federal officials acting under color of federal law.  <u>See</u>

<u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987).  The Court

construes the Complaint to attempt to allege claims under the

authority of <u>Bivens v. Six Unknown Named Agents of the Federal Bureau</u>

<u>of Narcotics</u>, 403 U.S. 388 (1971) ("<u>Bivens</u>").[1]

**1.   OFFICIAL CAPACITY CLAIMS**

To the extent Plaintiff sues federal prison officials in their

official capacities, the action must be construed as one against the

federal government.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66

(1985); <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985) (suit

against IRS employees in their official capacities "essentially a suit

against the United States"; citation omitted).  "Absent a waiver,

sovereign immunity shields the Federal Government and its agencies

from suit."  <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 475

(1993).  The United States has not waived sovereign immunity with

respect to constitutional claims for damages.  <u>Rivera v. United</u>

---

[1]   A <u>Bivens</u> action is the "federal analog" to a section
1983 action.  <u>See Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1948
(2009).

4

States, 924 F.2d 948, 951 (9th Cir. 1991); Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988).  The doctrine of sovereign immunity bars Plaintiff's constitutional claims for damages against any federal prison official in his or her official capacity.  See Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir.), cert. denied, 522 U.S. 815 (1997) (doctrine of sovereign immunity extends to federal employees in their official capacities).

Because Plaintiff may not proceed against Defendants in the official capacities, Plaintiff's Complaint is dismissed with prejudice as to these claims.  Plaintiff may not amend his Complaint to allege official capacity claims against Defendants.

### 2.   SUPERVISORY CLAIMS

Plaintiff may not sue supervisory prison officials on a theory of respondeat superior.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior"); Polk County v. Dodson, 454 U.S. 312, 325 (1981) (same; section 1983 case).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 129 S. Ct. 1948.  A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents."  Id. at 1948-49.  Mere knowledge of a subordinate's alleged misconduct is insufficient.  Id. at 1949.

Plaintiff does not allege any facts showing that Defendants Banks, Tellez, Grimsley, and Walker were personally involved in the actions that allegedly caused harm to Plaintiff.  Instead, Plaintiff alleges facts against these Defendants only in a supervisory capacity. If Plaintiff wishes to amend his Complaint, he must allege facts establishing that these Defendants were personally involved in the events at issue in the Complaint.  These claims are accordingly dismissed without prejudice.

### 3.   EQUAL PROTECTION CLAIMS

Plaintiff's Equal Protection claim is insufficient.  To state an Equal Protection claim, Plaintiff must allege that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).  The Complaint contains no such allegations. Plaintiff may, however, be able to cure any defects with respect to this claim in an amended Complaint.  The Equal Protection Clause claim is accordingly dismissed without prejudice.

### 4.   EIGHTH AMENDMENT CLAIM

Plaintiff's remaining claim asserts that Defendant Caston violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff alleges that Defendant Caston "put an unknown white pill" in Plaintiff's food, thereby causing physical and

1  mental harm to Plaintiff.

2

3       Under Rule 8 of the Federal Rules of Civil Procedure, a

4  plaintiff's complaint "must contain sufficient factual matter,

5  accepted as true, to 'state a claim to relief that is plausible on its

6  face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009)

7  (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  "A

8  claim has facial plausibility when the plaintiff pleads factual

9  content that allows the court to draw the reasonable inference that

10  the defendant is liable for the misconduct alleged."  Id.  A complaint

11  that offers mere "labels and conclusions" or "a formulaic recitation

12  of the elements of a cause of action will not do."  Id.; see also Moss

13  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing

14  Iqbal, 129 S.Ct. at 1951).

15

16       Here, Plaintiff's Complaint contains bare "conclusions" rather

17  than "factual content."  Plaintiff does not allege any facts that

18  support his belief that Defendant Caston personally placed the pill in

19  Plaintiff's food.  Plaintiff may be able to cure this defect by

20  alleging "sufficient factual matter" to support the inference that

21  Defendant Caston personally engaged in wrongful conduct with respect

22  to Plaintiff.

23

24       The Eighth Amendment claims are accordingly dismissed without

25  prejudice.

26

27  ///

28  ///

**ORDER**

For the foregoing reasons, the Complaint is dismissed with prejudice to the extent that it asserts claims against Defendants in their official capacities, and the Complaint is dismissed without prejudice to the extent that it asserts claims against Defendants in their individual capacities.  If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself.  It shall not refer in any manner to any prior complaint.  Failure to file timely a First Amended Complaint may result in the dismissal of this action.


DATED: December 15, 2009

STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE